UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CASE NO. 3:03CR172 (JBA) |
| : | |
| HEUNG MAN WONG, : | January 12, 2006 |
| a.k.a. SIMON : | |

**GOVERNMENT'S MEMORANDUM RE THIRD PARTY NOTIFICATION**

The government submits this memorandum in anticipation of defendant's request that he not be required to notify third parties, specifically the restaurant that employs him, of his prior conviction in a credit card fraud ring responsible for skimming thousands of credit cards at various chinese restaurants throughout New England, resulting in a loss of over $1.2 Million.

Factual Background

On April 9, 2003, pursuant to a criminal complaint and supporting affidavit, federal agents arrested the defendant on charges relating to a credit-card fraud scheme.  On June 11, 2003, the defendant entered a guilty plea to a single count information charging him with trafficking in or using one or more unauthorized access devices, 18 U.S.C. § 1029(a)(2). The factual background relating to the offense and defendant's criminal activities are contained in ¶¶ 9 through 30 of the PSR.

On July 22, 2004, this Court, after granting the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1, sentenced the defendant to a period of five years probation with the first three months to be served in home confinement and restitution, jointly and severally with his co-defendants, in the amount of $851,612.45 to be paid at a rate of $150

per month. One of the standard conditions of probation is that the defendant, as directed by the probation officer, shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements.

At the time of the sentencing, the defendant reported that he was actively employed in the construction business and needed to continue to do so to support his family. There was never any indication to the Court that the defendant had worked in the restaurant business or was seeking to return to that business. His employer at the time was not only aware of his conviction, but actually submitted a letter of support. Further, as set forth in the plea agreement, the defendant was notified that the Government reserved the right to notify his employer of the fact of his conviction.

## Discussion

This issue is before the Court based on a request from the United States Probation Department to require the defendant to notify a third party, his employer, of the nature of his conviction. It appears that the defendant is refusing to make such a disclosure to his current employer, a restaurant, where he works as a waiter. Because the defendant's recent employment as a waiter places him in precisely the same environment under which the scheme he was convicted of operated, he should be required to disclose the nature of his conviction both to ensure that he does not re-offend and to protect the public.

When a defendant objects to probation's request to make third party notification, the matter should be brought to the Court's attention to determine whether a reasonably foreseeable

risk exists to warrant notification. See United States v. Doe, 79 F.3d 1309, 1318 (2d Cir. 1996) (third party notification and employment restriction rejected in case of a tax preparer convicted of a single offense who continued his tax preparing practice for four years prior to sentencing without incident or complaints); see also U. S. v. Peterson, 248 F.3d 79, 85 (2d Cir 2001)(third party notification of prior incest conduct not required for defendant convicted of larceny); cf. U.S. v. Johnson, 2005WL 22680 (N.D.N.Y. 2005)(distinguishing Peterson and upholding internet access restriction in sex offender case); U.S. v. Lykken, 2001WL 1789405 (ND 2001)(distinguishing Peterson and upholding alcohol treatment condition where alcohol played a part in the offense which placed the defendant before the court).

To the extent the defendant seeks to rely on Doe and Peterson, those cases are distinguishable. In Doe, the defendant continued to work as a tax preparer prior to sentencing for "a period of more than twice the length of probation" without committing further crimes. Hence the probation department concluded that notification was not required because there was a minimal risk of recidivism and the United States Attorney's Office did not oppose lifting the notification requirement. 79 F.3d at 1312-1313. In this case, the defendant engaged in credit card fraud on separate and repeated occasions. He became involved in this credit card fraud ring as a result of his work as a waiter at a Chinese restaurant in Connecticut, which is where he met some of his co-conspirators. According to a sentencing memo he filed in this case, he knew "what he did was wrong, but he apparently succumbed to the temptation to earn extra money to supplement his income." Letter dated October 17, 2003 at pg. 1 attached to Sentencing Memorandum of November 13, 2003. He continued his criminal activities even after some of his co-conspirators were arrested for similar conduct. While, after his own arrest, he cooperated

with the Government's investigation and expressed remorse for his conduct, given the rampant nature of the scheme the defendant was recruited into, the Government believes the temptation and risk is too great not to notify his employer.

Unlike Doe, at the time of the sentencing, the defendant in this case was not involved in work that would expose him to the circumstances, easy access to credit cards, that would have tested his resolve to avoid the criminal activity that brought him before this Court. The defendant was not working in the restaurant industry but working as a construction worker at Obarasi Construction. Likewise, the Peterson case, which involved third party notification of conduct completely outside the offense of conviction, is distinguishable. Here, the defendant wants to be able to work in precisely the same environment where he "succumbed to temptation" and where the scheme he was charged with flourished. As the Court is aware from the extensive nature of the scheme in this case, this type of activity is rampant and the temptation for the defendant to slip into the world of skimming and identity theft is too great.

Further, the probation department is not requesting that the defendant be excluded from the industry but simply that his employer be aware of his prior history and perhaps be vigilant of defendant's activities relating to access to credit cards and financial data. In fact, the defendant has not shown that this is the only type of employment he can seek or that there are no other jobs within the restaurant industry that he could engage in that would not give him easy access to credit cards. This is particularly critical because detection by the victims often comes well after the crime and resulting damage has occurred.

In view of the identical nature of the offense of conviction and defendant's current employment, third party notification is necessary to ensure that the defendant does not resume the

criminal activity that brought him before this Court and, in turn, to protect the public.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>BY: MARIA A. KAHN
>ASSISTANT UNITED STATES ATTORNEY
>157 Church Street
>New Haven, CT  06510
>(203) 821-3700
>Federal Bar # ct06573

## CERTIFICATION OF SERVICE

      This is to certify that the within and foregoing has been sent via facsimile and first class mail, postage prepaid, this 12th day of January, 2006, to:

Hugh Mo, Esq.
225 Broadway, Suite 2702
New York, N.Y. 10007
Fax (212) 385-1500

Jacqueline Carroll
United States Probation Officer
157 Church Street, 22nd Floor
New Haven, CT 06510
Fax (203) 773-2200

                                         MARIA A. KAHN
                                         ASSISTANT UNITED STATES ATTORNEY